FILED SEP 28 2010 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.

**ONE 2000 MERCEDES BENZ BEARING VIN WDBLJ70G0YF127256,**

       **Defendant.**

**REPORT AND RECOMMENDATION**
**09-CV-6543**

---

### Preliminary Statement

By text order issued on December 7, 2009, this action was referred to this Court for "all pretrial matters excluding dispositive motions." (Docket # 5). Currently pending before the Court is Claimant Dominicci's motion for an extension of time to file an Answer to the Complaint. (Docket # 6).[1]

### Factual Background

On September 19, 2008, the government seized the defendant vehicle "One 2000 Mercedes Benz Bearing Vin WDBLJ70G0YF127256," on grounds "that it facilitated illegal drug activity." See Complaint (Docket # 1). The defendant vehicle was seized from an individual

---

[1] A motion for an extension of time is normally not considered a dispositive motion. However, because the denial of the requested relief operates to prevent the Claimant from prosecuting her claim, the Court has determined to proceed by issuing a Report and Recommendation.

1

named Kenny Dejesus, who was apprehended operating the vehicle while engaging in illegal narcotics transactions. Id. On July 2, 2009, Dejesus pled guilty to a charge of possession with intent to distribute cocaine and, as part of the plea agreement, "agreed to immediately civilly forfeit to the United States assets which were subject to forfeiture." Id. Such assets "included one 2000 Mercedes Benz bearing VIN WDBLJ70G0YF127256." Id. When the defendant vehicle was seized on September 19, 2008, records from the Department of Motor Vehicles revealed that the defendant vehicle was titled and registered to Limarie Dominicci, the Claimant in the instant action. Id.

The government filed the instant action on October 28, 2009. According to the government, Dominicci was given "direct notice" of this action on October 28, 2009, "thereby making her deadline to file a claim December 2, 2009." See Plaintiff's Memorandum in Opposition (Docket # 10) at p. 2. Dominicci filed a Verified Claim on December 1, 2009. (Docket # 4). The government asserts that, since she filed her Claim on December 1, 2009, in order for Claimant "to obtain standing in this in rem forfeiture matter, Ms. Dominicci was required to file an answer by December 22, 2009." See Plaintiff's Memorandum in Opposition (Docket # 10) at p. 2. Dominicci did not file an Answer by December 22, 2009 and, as a result, the government mailed her a letter on December 28, 2009, therein notifying her that her time to file an Answer expired on

2

December 22nd. The government also informed Dominicci that if she still intended to contest the forfeiture action then they would allow her an extension until January 5, 2010 to file an Answer to the Complaint. Id. at p. 12.

According to the government, on January 4, 2010, Dominicci appeared at the United States Attorney's Office in Rochester, New York to discuss the December 28th letter she received. Id. The government informed Dominicci that it could not give her legal advice and directed her to the Clerk's Office, where she filed the pending motion for an extension of time to file her answer. In her motion, Dominicci states only that she needs an extension due to a "family emergency" which required her "to leave out of town 1-5-10." (Docket # 6).

In response to Dominicci's motion, the government maintains that her motion should be denied because her failure to timely file an Answer does not amount to excusable neglect, and her failure to file an Answer "robs her of standing in this matter." See Plaintiff's Memorandum in Opposition (Docket # 10) at p. 16.

### Discussion

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty and

3

Maritime Claims and Asset Forfeiture Actions." 18 U.S.C. § 983(a)(4)(A). To contest a government forfeiture action, a claimant must have both statutory standing in accord with CAFRA, and the Article III standing required for any action brought in federal court. See United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999). Failure to satisfy both the Article III and statutory standing requirements precludes a claimant from contesting a government forfeiture action.

With respect to Article III standing, a claimant must demonstrate a legally cognizable interest in the defendant property. See United States v. Cambio Exacto, S.A., 166 F.3d at 527 (finding that "an owner of property seized in a forfeiture action will normally have standing to challenge the forfeiture," and "[i]n determining standing to challenge a forfeiture, we look to ownership and possession because they are often reliable indicators of injury that occurs when property is seized"). Here, Dominicci has established standing under Article III.

Statutory standing is established through strict compliance with Rules G(5) and G(6) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. Under Rule G(5)(b) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, "[a] claimant must serve and file an answer to the complaint or a motion...within 21 days after filing the claim." Here, the issue before the Court is whether

4

Dominicci's failure to timely file an Answer in accordance with Supplemental Rule G prohibits her from having the requisite statutory standing for contesting the government's forfeiture of the defendant vehicle.

Dominicci filed her Claim on December 1, 2009. As a result, under Rule G(5)(b), her deadline to file an Answer to the Complaint was December 22, 2009 -- *i.e.*, 21 days after she filed her claim on December 1st. There is no dispute that Dominicci failed to file her Answer by December 22nd. The government agreed to allow the *pro se* Claimant more time to file an Answer, and informed Dominicci that they would agree to extend her deadline to file an Answer to January 5, 2010. Dominicci did not file her Answer by January 5th, but timely filed a motion for an extension of time on January 4, 2010. (Docket # 6).

Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure ("FRCP"), the court, "for good cause," may grant extensions of time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has instructed that "[w]ith regard to determining whether a party's neglect of a deadline is excusable," courts should take "account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). This includes consideration of the following four factors: (i) "the danger of prejudice" to the

non-moving party; (ii) "the length of the delay and its potential impact on judicial proceedings"; (iii) "the reason for the delay, including whether it was within the reasonable control of the movant"; and, (iv) "whether the movant acted in good faith." Id.

The Second Circuit has "taken a hard line" when "addressing when neglect is 'excusable.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 368 (2d Cir. 2003). The Second Circuit places the heaviest amount of weight on Pioneer's third factor -- the reason for the delay. Silivanch, 333 F.3d at 366 ("[W]e and other circuits have focused on the third factor."); see also Chiulli v. Internal Revenue Serv., No. 03 Civ. 6670 (HBP), 2005 U.S. Dist. LEXIS 22415, at *6 (S.D.N.Y. Sept. 21, 2005)("The Second Circuit has usually focused on the third factor[.]").

Here, the government concedes that most of the Pioneer factors weigh in Dominicci's favor. Specifically, the government admits that "the danger of prejudice to the United States is minimal, the length of delay is short, and there is no evidence that Ms. Dominicci's delay was in bad faith." See Plaintiff's Memorandum in Opposition (Docket # 10) at p. 14. Thus, the issue is whether Dominicci's neglect to timely file an Answer is "excusable."

At the outset, the Court notes that Dominicci failed to timely file an Answer by either December 22, 2009 or the government's extension date of January 5, 2010, and did not provide a very detailed explanation for the reason for such failure. Moreover,

6

pursuant to the Court's January 7, 2010 Scheduling Order (Docket # 7), Dominicci had the opportunity to file a reply in further support of her motion for an extension, but she never did. Thus, Dominicci never responded to or opposed any of the arguments asserted in the government's opposition papers. Although the Court does not have reason to believe that Dominicci's proffered need for the extension (namely, her family emergency) was not true, the Court notes that she never followed up with either the government or the Court with respect to her Claim and, to date -- approximately nine months after the deadline to file an Answer has expired -- Dominicci has not yet filed an Answer.

"Although a party's status as *pro se* is relevant in determining whether there has been 'excusable neglect,' *pro se* parties are not automatically excused from complying with procedural rules." Chiulli, 2005 U.S. Dist. LEXIS 22415, at *9 (internal citation omitted). Because this Court may exercise its discretion under Rule 6(b)(1) only for "cause shown," a party must demonstrate some justification for the Court to extend a deadline. The Court, upon affording liberal construction to the *pro se* Claimant's motion, nevertheless finds that Dominicci has failed to provide a valid explanation for the lengthy delay and, as a result, has failed to demonstrate excusable neglect. See Chiulli, 2005 U.S. Dist. LEXIS 22415, at *7 (denying *pro se* plaintiffs' motion for an extension upon finding that plaintiffs failed to show

"excusable neglect" or "good cause"). Accordingly, it is my Report and Recommendation that Claimant Dominicci's motion for an extension (Docket # 6) should be **denied**.

## Conclusion

It is my Report and Recommendation that Claimant's motion for an extension (Docket # 6) should be **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated: September 28, 2010
       Rochester, New York

8

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.</u>**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: September 28, 2010
Rochester, New York

9